(No. 96-CV-2265— ▮▮▮▮▮▮▮▮)

THOMAS H. LARSEN, Claimant, v. THE STATE OF ILLINOIS, Respondent

*Order filed March 8, 2000.*

THOMAS H. LARSEN, *pro se*.

JIM E. RYAN, Attorney General (MICHAEL F. ROCKS, Assistant Attorney General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

This cause is before the Court on Claimant Thomas H. Larsen's application seeking compensation pursuant to the Crime Victim's Compensation Act (the Act) for expenses associated with an incident that occurred on March 5, 1995. (740 ILCS 45/1 *et seq.* (1994).) The amount claimed exceeded the statutory maximum. On March 28, 1996, the Court entered an order denying the claim. The order included findings (paragraphs 1, 3, 6, 7) that:

(a) the police investigation revealed that the Claimant was attempting to cross the street at 5310 N. Milwaukee, Chicago, Illinois, when he was struck by a motor vehicle. The offending driver fled from the scene of the incident and has not been apprehended;

(b) "crime of violence," as specified in section 2(c) of the Act, does not include any offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs;

(c) the Court has recognized that although a "hit and run" accident is a crime, it is not one of the crimes enumerated as being compensable under the Act; and

(d) The claim does not meet a required condition for compensation under the Act.

On April 8, 1996, Claimant filed a letter requesting a review or hearing on the claim. The Claimant asserted, "that this incident happened at 2:30 a.m. directly across from a bar/tavern. The car sped out of the parking lot with no regard for pedestrians."

A hearing was conducted on December 27, 1996, at which Claimant and his wife, Patricia Larsen, testified. Claimant presented three affidavits of three individuals averring that they witnessed the incident, which were admitted into evidence. The affidavits are dated December 26, 1996, and are signed by: Klaus O. Schnetzer, 5330 N. Mobile, Chicago, Illinois; Thomas M. Travers, 5400 N. Ludlam, Chicago, Illinois; and Joyce A. Nockels, 7253 W. Palatine, Chicago, Illinois. All three affiants state that they were with Claimant on the night in question and they saw a man come out of a local tavern on the 5300 block of N. Milwaukee Avenue. All three affiants state that they "had just left the Blue Angel Restaurant to walk home." Claimant lived about two blocks away.

Affiant Schnetzer states that he witnessed the gentleman "enter his vehicle staggering which looked to me as if he were under the influence of alcohol or narcotics." All three affiants state that the group crossed at the light on the walk signal when the man pulled out of his parking place and hit Claimant. The man then drove "away while swerving in and out of his lane." All three affiants opined that the driver looked "very intoxicated" (Travers' affidavit) or "very drunk" (Nockels' affidavit) or was driving

under the influence of alcohol (Schnetzer's affidavit). Affiant Travers observed the man come out of a bar and enter his vehicle and he looked very intoxicated.

At the hearing, the Attorney General indicated that the Attorney General's (AG) office did not investigate the legitimacy of the medical and hospital bills. The Commissioner instructed Claimant to provide the AG's office all bills and other records supporting his claim. The AG's office was directed to investigate the legitimacy of the medical and hospital bills and the wage losses and to file a report with the Court. (Record, 4-6.) Claimant was instructed to provide all information that he desired the Court to consider, with a copy to the AG's office.

A December 30, 1996, transmittal letter from Claimant to the AG's office, with copies of numerous bills, checks and other documents supporting the claim was filed.

A letter dated February 5, 1997, from the AG states that the AG's office "contacted the various providers of services of medical/hospital expenses and was informed that the Claimant, Thomas Larsen, incurred expenses due to this incident in the amount of $10,187.15, which the Claimant has paid." A March 7, 1997, letter from Claimant, together with various documents in support of his position, indicated that the medical and hospital expenses for which he paid totaled $11,015.74, instead of $10,187.15 as stated in the AG's letter. The Claimant itemized these expenses in his packet of information. The AG did not itemize the expenses, nor indicate which bills totaled to achieve $10,187.15. An item by item verification of the two lists is therefore not feasible. The $828.59 difference remains in dispute.

In relation to the wage loss, Claimant is claiming the three and one-half months that he was unable to work.

(See: March 7, 1997, letter.) Attached to the December 30, 1996, letter is a wage loss verification indicating that Claimant was employed by Schuepfer, Inc., since May 1994, as a machine operator and was earning an average salary of $1,000 per week. At the hearing, the AG's office was instructed to confirm the wage loss. The AG's office has not filed an independent verification of the wage loss. Subsequent to March 7, 1997, the Commissioner made two requests of the AG, to file a wage verification. No wage verification has been filed. It is noted that Claimant's application, executed under oath, unequivocally indicates that he was employed during the six-month period prior to the injury as a heavy equipment operator with Schuepfer, Inc., and his monthly take-home wage was listed at $2,800.

The Court finds that the affidavits of the three individuals are sufficient to support a determination that Claimant was injured as a result of a crime of violence, specified in section 2(c) of the Act: "driving under the influence of intoxicating liquor or narcotic drugs as defined in section 11—501 of the Illinois Vehicle Code." Although we view such affidavits with skepticism, these are persuasive and the undisputed circumstances are also supportive of the conclusion that this was a drunk driving incident.

The amount of compensation for medical and hospital expenses and wage losses is more troublesome in light of the discrepancies noted above. The burden of proof in crime victims compensation cases is on the Claimant to prove his damages by a preponderance of the evidence. (*In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449, 160. We note however, that Claimant's March 7, 1997, letter and attachments have not been disputed or responded to by the AG's office and that therefore Claimant's $11,015.74 sum is uncontested.

However, this Court's review of Claimant's submissions shows three different bills, two of which may be responsible for the $828.59 differential. There is a customer receipt and a duplicate receipt from Walgreens for 50 Vicodin tablets in the amount of $28.59 bearing identical dates of April 6, 1995. Both Walgreen receipts were apparently included in Claimant's sum and therefore it should be reduced by $28.59, leaving an $800 differential from the AG's numbers. There is an $800 statement from MRI of Arlington Heights, which indicates that $550 was being paid on March 7, 1995. The statement shows "today adjustments $250" with the balance due being "0." In the December 30, 1996, submission, Claimant included copies of checks, of which check No. 3634, dated March 7, 1994, would tend to confirm the $550 payment to MRI of Arlington Heights. Damages may not be awarded on the basis of conjecture or speculation. (*Bavido* at 461.) Due to the discrepancies noted above, the Court finds that Claimant did not meet his burden of establishing that the higher sum is due and we will accept the $10,187.15 compensation figure confirmed by the AG's office.

Accordingly, it is hereby ordered:

1. The Court finds that Claimant Thomas H. Larsen was an innocent victim of a compensable crime of violence under the Crime Victim's Compensation Act, and is entitled to compensation for qualified out of pocket expenses resulting from the crime of March 5, 1995, upon his person; and

2. Thomas H. Larsen is awarded the sum of $10,187.15 as full compensation for his compensable medical and hospital expenses, and $3,500.00 for lost wages, all suffered due to the crime of March 5, 1995; the total award herein is $13,687.15